Edward P. Jesella, Jr., Esq.
Writing as the Lewiston town attorney, you state that a Lewiston town councilman made statements regarding the cost, quantity and quality of legal services rendered to the town by an attorney retained by the town to perform specific legal services (as distinguished from a duly appointed town attorney), the statement having been made at the organization meeting of the town board in January, 1979 and/or at a press conference immediately thereafter. One or more accounts of the statements were published in newspapers having large local and area circulation and the attorney has sued the town councilman for libel, contending that the statements were libelous, made with malice and have damaged him. Your inquiry indicates some uncertainty as to whether the statements were made within the scope of the councilman's official duty and capacity. You ask for our opinion whether the town attorney can represent the councilman in the libel action or whether the councilman should obtain outside legal services.
We enclose copies of two informal opinions of this office, one published in 1977 Op Atty Gen 195 and the other in 1978 Op Atty Gen 255, from which you will note that under Town Law § 20 subd 2-a and § 65 subd 1, a town may have a town attorney to perform its legal work and to defend its acts and those of its officers or agents performed within the scope of their duties. Also enclosed is a copy of the unpublished opinion dated December 21, 1976, in City Fire-Fighters Union Local 28, et al. v Duci
and Schenectady Patrolmen's Benevolent Association, et al. v Duci. The cases were heard at a Special Term of the Supreme Court, Schenectady County on September 14, 1976, by the Honorable James Gibson. Judge Gibson, a former Associate Judge of the Court of Appeals (1969-1972), was sitting as a Justice of the Supreme Court under authority of the New York State Constitution Article VI § 25 subd b.
Based upon that opinion and the cases cited therein and the informal opinions of this office referred to above, it is our opinion that the town councilman may request the town board to provide a defense for him in the libel action. Upon receiving such a request the town board should make a determination whether in its judgment the statements credited to the town councilman were made within the scope of his duties. If the town board finds that they were made within the scope of his duties, a defense may be provided for him either through the town attorney or through the retaining of another attorney if the town attorney cannot or will not do so. In the event the town board fails or refuses to provide a defense and the councilman defends at his own expense and is successful, that establishes that he was acting within the scope of his duties, and the reasonable cost of the defense can be recovered by action against the town.